FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 11, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHAD BOCK, a single man; and NATHAN BOCK, a married man;<br>    Plaintiffs,<br>    v.<br>STATE OF WASHINGTON; WASHINGTON DEPARTMENT OF FISH AND WILDLIFE; WDFW OFFICER JOLYNN BEACHENE; WDFW SARGENT MIKE SPRECHER; DAN RAHN, WDFW CAPTAIN; JESSE JONES; and DOES 1-10;<br>    Defendants. | No. 2:19-CV-0308-SAB<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Before the Court are State Defendants' Motion and Memorandum for Summary Judgment, ECF No. 20, and Plaintiffs' Motion for Partial Summary Judgment on Liability, ECF No. 27. Plaintiffs are represented by Breann Beggs, Mark Harris, and Morgan Maxey. Defendants are represented by Carl Warring, Katie Merrill, and Derek Taylor. Having reviewed the applicable briefing and caselaw, the Court grants Defendant's motion and denies Plaintiff's motion.

//

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 1

**Facts**

The following facts are drawn from Defendants' and Plaintiffs' respective Statements of Material Facts, ECF No. 28 and 33.

On October 10, 2014, Defendant Officer Jesse Jones ("Officer Jones") of the British Columbia Conservation Officer Service initiated a traffic stop after observing a vehicle towing a boat and displaying moose antlers. Plaintiffs Nathan and Chad Bock were in the vehicle, along with Warren Coder, who is not a party to this case. During the inspection, Nathan Bock presented Officer Jones a British Columbia resident hunting license, U.S. passport, and Washington State driver's license, while Chad Bock and Warren Coder presented non-resident Accompanied Hunt permits. Though Officer Jones allowed the group to leave after issuing each member a warning for failure to leave evidence of sex attached to the moose meat, Officer Jones became suspicious of Nathan Bock's British Columbia resident hunter status and thus began conducting an investigation. Through the course of that investigation, Officer Jones discovered that Nathan Bock used non-existent addresses to obtain both his British Columbia resident hunter status and the Accompanied Hunt permits for Chad Bock and Warren Coder. The investigation also revealed that Nathan Bock had been unlawfully hunter-hosted in Alberta based on his fraudulently obtained British Columbia hunter resident status.

In May 2016, Officer Jones began sharing the results of his investigation with the Washington State Department of Fish and Wildlife ("WDFW"), given that Chad Bock and Nathan Bock are residents of Spokane Country, Washington. Officer Jones was initially put in contact with Defendant WDFW Sargent Mike Sprecher ("Sargent Sprecher"), but on May 31, 2016, the investigation was reassigned to Defendant WDFW Officer JoLynn Beauchene ("Officer Beauchene"). Officer Beauchene then began her own investigation, working with numerous federal, state, and international agencies to look into the Bocks'

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 2

residency, hunting licenses, and importation of animals. Through this investigation, she discovered that the Bocks had also had animals processed for taxidermy.

Based on both Officer Jones's initial investigation and Officer Beauchene's subsequent investigation, Officer Beauchene sought search warrants for both Nathan and Chad Bock's residences, seeking evidence of violations of Wash. Rev. Code § 77.15.265 (Unlawful Possession of Fish, Shellfish, or Wildlife Knowingly Taken in Violation of Another State's or Country's Laws) and WAC 232-12-021.1a (Importation and Retention of Dead Nonresident Wildlife). Judge Gregory Tripp of the District Court for Spokane County granted the search warrants and the warrants were executed on June 24, 2016—WDFW invited Officer Jones to be present to help identify the wildlife and animal parts taken in Canada, but Sargent Sprecher, Officer Beauchene, and Defendant WDFW Captain Dan Rahn ("Captain Rahn") executed the search. WDFW officers seized a variety of property items from the Bocks' residences, including hunting trophies, taxidermy, animal meat, documents, and electronics. ECF No. 3, Exhibits 5 and 6. Nathan and Chad Bock were both provided with a copy of the warrant and an inventory of the property seized.

On June 28, 2016, Officer Beauchene transferred the wildlife and animal parts seized from the Bocks' residences to the British Columbia Conservation Officer Service. This transfer served a twofold purpose: (1) storage (i.e., because British Columbia had larger facilities to accommodate the seized items) and (2) potential use as evidence (i.e., because it seemed likely that British Columbia would be the first to refer the investigation for prosecution). In July 2016, documents and some electronics seized from the Bocks' residences were also transferred to British Columbia but were subsequently returned to WDFW and then to the Bocks on November 11, 2016.

Neither Crown Counsel in British Columbia nor the U.S. Attorney's Office for the Eastern District of Washington decided to file charges against the Bocks.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 3

However, charges were filed against Nathan Bock in Alberta, Canada on November 16, 2016 related to his unlawful hunting in that jurisdiction—these charges remain pending. Additionally, the Spokane County Prosecutor's Office filed charges against Chad Bock and Nathan Bock on January 29, 2018 for violating Wash. Rev. Code § 77.15.265.

On September 28, 2018, the Spokane County District Court held a hearing in the Bocks' case. At this hearing, the prosecutor filed an Amended Complaint and the Bocks entered into a Stipulation to Police Reports and Continuance to the charges in the Amended Complaint ("SOC"). The Bocks' SOC continued their cases in pre-trial status for a period of 12 months, after which the prosecutor would dismiss the charges if the Bocks successfully complied with certain terms of the agreements. The Bocks successfully completed their SOC, so the Spokane County District Court dismissed the charges against the Bocks on October 3, 2019.

The British Columbia Conservation Officer Service continues to store the wildlife and animal parts seized from the Bocks' residence on behalf of WDFW and states that all items remain intact and secured in storage. The estimated cost of the Bocks' animal and wildlife parts is at least $192,000.

**Procedural History**

Plaintiffs filed their first Complaint against Defendants on June 21, 2019 in Spokane County Superior Court. The Bocks alleged the following claims: (1) violations of the Fourth Amendment prohibition on unreasonable seizures, Fifth Amendment due process, and Eighth Amendment excessive fines and unusual punishment, (2) supervisory liability against Captain Rahn and Sargent Sprecher, (3) civil conspiracy against Officer Jones and the WDFW officers, (4) a writ of replevin, and (5) a return of property. ECF No. 2-2. Plaintiffs requested the following forms of relief: compensatory damages for the seized items, general and special damages for the constitutional violations, punitive and exemplary damages,

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 4

reasonable attorney's fees and costs, and return of all property seized from the Bocks' residences. *Id.*

Plaintiffs then filed an Amended Complaint on August 26, 2019, which added in state law claims for tortious conversion and negligence/tortious conduct. ECF No. 2-3. Defendants removed the case to federal court on September 10, 2019 on federal question grounds. ECF No. 1.

Defendants filed their Motion for Summary Judgment on October 21, 2020. ECF No. 20. Plaintiffs filed their Motion for Partial Summary Judgment on October 22, 2020. ECF No. 27.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 5

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## Discussion

Defendants argue that the Court should dismiss Plaintiffs' claims with prejudice because there is no genuine dispute of material fact because: (1) WDFW lawfully seized the wildlife and animal parts from the Bocks' residences pursuant to a valid search warrant and thus the seizure was not subject to the forfeiture statute, (2) once the Bocks were charged with unlawful possession of wildlife, they entered into a voluntary Stipulation to Police Reports and Continuance ("SOC") in lieu of going forward with the prosecution, (3) once the Bocks successfully completed their SOC and the charges against them were dismissed, this triggered automatic forfeiture of the wildlife and animal parts under Wash. Rev. Code § 77.15.100(3)(d), (4) because the Bocks' SOC contained provisions stating that the Bocks voluntarily gave up their rights to any legal challenges regarding the evidence, they should be judicially estopped from bringing their current claims, and (5) even if the wildlife and animal parts were unlawfully retained after seizure, Plaintiffs failed to take advantage of the appropriate state law remedy to seek their return, the availability of which was sufficient to satisfy due process. ECF No. 20.

In response, Plaintiffs argue that the Court should instead grant summary judgment in their favor because: (1) Plaintiffs could not have availed themselves of a post-deprivation state law remedy because WDFW almost immediately transferred the wildlife and animal parts to British Columbia, thereby divesting the state court of *in rem* jurisdiction, (2) similarly, the automatic forfeiture provisions failed to apply because the wildlife and animal parts had already been irrevocably transferred to Canada at the time the Bocks entered into the SOC, (3) Wash. Rev. Code § 77.15.100(3)(d) is only constitutional when applied to wildlife harvested in

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 6

Washington and thus does not apply to the Bocks, (4) though evidentiary seizures do not trigger the forfeiture statute, the wildlife and animal parts ceased to be evidence once Defendants transferred it, which amounted to permanent deprivation without any form of notice or hearing. ECF Nos. 32, 33.

Wash. Rev. Code § 77.15.265(1) is the statutory provision defining the crime of taking wildlife from another country in violation of that country's laws. It states that "[i]t is *unlawful for any person to possess in Washington any fish, shellfish, or wildlife that the person knows was taken in another state or country in violation of that state's or country's laws* or regulations relating to licenses or tags, seasons, areas, methods, or bag or possession limits" (emphasis added). Unlawful possession of wildlife taken in violation of another state's or country's laws is a gross misdemeanor. *Id.* at (3).

Wash Rev. Code § 77.15.100(3)(d) is the statutory provision that allows for automatic forfeiture upon the entry of an SOC in a wildlife violation case. It states that "*[u]nless otherwise provided in this title*, fish, shellfish, *wildlife, or any covered animal species part or product taken or possessed in violation of this title . . . shall be forfeited to the state* upon any disposition of a case arising from an act originally charged as a violation of this title . . . *whereby the offender enters into a disposition that continues or defers the case for dismissal upon the successful completion of specific terms or conditions*" (emphasis added).

Plaintiffs argue § 77.15.100(3)(d) violates federal constitutional due process requirements of notice, hearing, and determination of guilt *unless* one reads in a requirement that it only be applied to Washington harvested wildlife, which is owned by the state and can only be harvested by individuals with a license. ECF No. 32 at 12-13. Thus, because Plaintiffs' seized wildlife and animal parts were seized from Canada, Plaintiffs argue that it would be unconstitutional to apply § 77.15.100(3)(d) to them. However, Plaintiff's argument contradicts § 77.15.265,

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 7

which explicitly makes it a state law crime to take wildlife from another country in violation of that country's laws.

To the extent that Plaintiffs are instead arguing that § 77.15.100(3)(d) is unconstitutional because it allows automatic forfeiture without any form of procedural protection, the Court also finds this argument unconvincing. Automatic forfeiture only kicks in if the party enters into an SOC (i.e., if a party voluntarily waives certain rights in exchange for deferring prosecution). Otherwise, if a party chooses to go forward with the prosecution and the case results in a finding of not guilty or a dismissal with prejudice due to a failure of proof or violation of law, then the seized wildlife and animal parts may be returned to the party (or its equivalent value paid if the items have already been donated or sold). Wash. Rev. Code § 77.15.100(3)(d). Conversely, if a party chooses to go forward with the prosecution and the case results in a dismissal without prejudice and is subject to being refiled, then the seized wildlife and animal parts need not be returned until the statute of limitations has expired. *Id.*

The broader point is that § 77.15.100(3)(d), when read as a whole, provides the opportunity for notice, hearing, and determination of guilt for a party whose wildlife and animal parts have been seized. However, a party can waive those protections by entering into an SOC, which instead results in automatic forfeiture. Although the Bocks' SOC does not explicitly acknowledge that they understood that the seized wildlife and animal parts would be subject to automatic forfeiture, Plaintiffs were represented by counsel when they signed the SOC and counsel's signature appears at the bottom of the document. ECF No. 22-5. Thus, it is reasonable to assume that Plaintiffs' counsel—who is once again representing Plaintiffs in this case—would have advised Plaintiffs of the consequences of entering into the SOC, including the application of § 77.15.100(3)(d). Therefore, because § 77.15.100(3)(d) applies to wildlife taken unlawfully from Canada and because Plaintiffs consented to automatic forfeiture of the seized

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 8

wildlife and animal parts when they entered into the SOC, the Court grants Defendants' Motion for Summary Judgment and denies Plaintiffs' Motion for Partial Summary Judgment.

Because the Court can dispose of the motion on the grounds of automatic forfeiture, the Court does not find it necessary to address the parties' other arguments.

Accordingly, **IT IS HEREBY ORDERED:**

1. State Defendants' Motion and Memorandum for Summary Judgment, ECF No. 20, is **GRANTED**.

2. Plaintiffs' Motion for Partial Summary Judgment on Liability, ECF No. 27, is **DENIED**.

3. The District Court Executive is directed to enter judgment in favor of Defendants and against Plaintiffs.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 11th day of February 2021.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 9